**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. TALI ARIK, M.D., <br><br>                    Plaintiff, <br><br> vs. <br><br> DVH HOSPITAL ALLIANCE, LLC, d/b/a DESERT VIEW HOSPITAL, <br><br>                    Defendant. | 2:19-cv-01560-JAD-VCF <br><br> **<u>ORDER VACATING TELEPHONIC DISCOVERY CONFERENCE</u>** |

On April 24, 2020, the parties filed a Joint Stipulation for Discovery Conference. (ECF No. 30). The court approved the stipulation and set a telephonic settlement conference for May 5, 2020, at 11:30 AM. (ECF No. 31). The parties timely filed status reports describing the issues which led to the request for a discovery conference and the parties' successful efforts which resolved those issues. (ECF Nos. 35 & 37).

The stipulation requesting the settlement conference relied on new Local Rule 26-1(c), which states:

> (c) The discovery plan may direct that before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge.

This new rule does not apply to this case. The rule permits the assigned Magistrate Judge to add a new requirement to a discovery plan and scheduling order requiring the parties to request a discovery conference before moving for an order relating to discovery. No such requirement exists in the discovery plan and scheduling order entered in this case. (ECF No. 26). Applicable local rules and Federal Rules of Civil Procedure permit, but do not require, the setting of discovery conferences.

Nevertheless, I entered the above referenced order setting the requested discovery conference and requiring statements from the parties setting out the details of the dispute and their relative positions. (ECF No. 31).

Having reviewed the parties' statements (ECF Nos. 35 & 37), I am issuing this order and vacating the discovery conference.

Both parties report that the discovery dispute has been resolved. (ECF No. 35, p. 2; ECF No. 37 p.2). The parties report that after all issues were resolved, Relator's counsel prepared a "stipulation and order setting forth the discovery agreement . . .". Defense counsel would not agree to the parties' agreement being entered as an order.

Relator does not cite any authority supporting the position that, after parties resolve a discovery dispute, one party, over the objection of another party, may obtain a court order setting forth the agreement. This court is not aware of any such authority.

The court appreciates the parties working together to resolve the dispute.

IT IS HEREBY ORDERED THAT the telephonic discovery conference scheduled for May 5, 2020, at 11:30 AM is VACATED.

DATED this 1st day of May, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE