JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax  (702) 896-0529
Email: jsbaih@sbaihlaw.com
*Attorneys for Relator Tali Arik, M.D.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TALI ARIK, M.D.,<br><br>Plaintiff/Relator,<br><br>vs.<br><br>DVH HOSPITAL ALLIANCE, LLC, d/b/a DESERT VIEW HOSPITAL;<br><br>Defendants, | Case No.: 2:19-cv-01560-JAD-VCF<br><br>**RELATOR TALI ARIK'S REPLY TO DEFENDANT DVH HOSPITAL ALLIANCE, LLC'S OPPOSITION TO COUNTERMOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT IN ACCORDANCE WITH FED.R.CIV.P. 15(A)** |

Plaintiff Tali Arik, M.D. ("Dr. Arik" or "Relator"), by and through his attorneys of record, Jesse Sbaih & Associates, Ltd., hereby respectfully submits this Reply to the Opposition (ECF #50) by Defendant DVH Hospital Alliance, LLC, d/b/a Desert View Hospital ("DVH" or "Defendant") to Relator's Countermotion for Leave to File a Second Amended Complaint in Accordance with Fed.R.Civ.P. 15(a) (ECF # 42).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>INTRODUCTION</u>**

As demonstrated by the *proposed* Second Amended Complaint ("SAC") (ECF # 43) and the Declaration of Dr. Arik (DVH's former Medical Chief of Staff and a physician who had completed

residency in internal medicine), Declaration of Marianne Hazelitt, D.O. (a former hospitalist at DVH), and the Declaration of Melissa Milk (a former medical biller at DVH) all of which are attached to the *proposed* SAC, DVH has been involved in a sophisticated, unlawful, and very profitable scheme to defraud the United States Government and tax payers out of millions of dollars by submitting false claims to government-funded health insurers.  The medical billing fraud perpetrated by DVH and its co-conspirators rivals that of the fraud the Ninth Circuit found to be actionable under the False Claims Act ("FCA") in ***Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.***, 953 F.3d 1108 (9th Cir. 2020).

In the Opposition, although DVH acknowledges that "leave to amend shall be freely given," DVH desperately resorts to several untenable arguments in an effort to convince this Honorable Court to abandon FRCP 15's long-standing policy of favoring amendments to pleadings to be applied with "extreme liberality."  ***Jones v. Bates***, 127 F.3d 839, 847 n. 8 (9th Cir.1997); *see also **DCD Programs, Ltd. v. Leighton***, 833 F.2d 183, 185 (9th Cir.1987).

Specifically, in the Opposition, DVH erroneously contends that the length of the *proposed* SAC violates FRCP 8(a)(2)'s "short and plain statement" requirement.  However, the length of the *proposed* SAC is necessary to comply with FRCP 9(b).  Indeed, the length of the *proposed* SAC was not dictated by Dr. Arik's and his counsel's desire to spend inordinate number of hours drafting a lengthy SAC.  Rather, the length of the SAC was dictated by the widespread fraud committed by DVH and necessitated by FRCP 9(b)'s compulsion on Dr. Arik to set forth the allegations of fraud and conspiracy with particularity.  *See* FRCP 9(b); *see also **Ebeid ex rel. United States v. Lungwitz***, 616 F.3d 993, 998 (9th Cir. 2010) (holding that, in an FCA action, the relator must allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.)

In addition, in the Opposition, DVH erroneously contends that the Motion for Leave to Amend must be denied as futile because the *proposed* SAC "still fails to state a claim for the reasons established in Desert View's pending motion to dismiss."  However, as fully discussed in Dr. Arik's Opposition to DVH's Motion to Dismiss (ECF #42) and as clearly demonstrated in the *proposed* SAC, the allegations in the *proposed* SAC comply with FRCP 9(b), provide numerous examples of DVH's

false certifications of "medical necessity," and significantly mirror the fraud allegations scrutinized in *Winter*, 953 F.3d at 1108, which the Ninth Circuit deemed to have stated a claim for FCA violation.

Finally, in the Opposition, DVH erroneously contends that the *proposed* SAC improperly seeks to add Dr. Hazelitt and Ms. Milk as relators because of the "first-to-file bar" and that additional fraud theories should be declined because adding them would violate sealing requirement of the FCA. However, Dr. Hazelitt brought to light fraudulent conduct by DVH not previously discussed in the First Amended Complaint. Moreover, the United States Attorney's Office overseeing the subject litigation advised Dr. Arik's counsel that "…once a case has become unsealed, it is not necessary for the relator to file a proposed amended complaint under seal and allow the United States to review it." *See* a true and accurate copy of AUSA Roger Wenthe's June 29, 2020 email slightly redacted to conceal the counsel's cellular telephone number, attached hereto as **Exhibit 1**.

Therefore, DVH's arguments in opposition to Dr. Arik's Motion for Leave to Amend lack merit and amount to a "Hail Mary" in a desperate effort to prevent Dr. Arik, Dr. Hazelitt, and Ms. Milk from shining the spotlight on DVH's pervasive and inescapable FCA violations since Universal Health Services, Inc. (a healthcare conglomerate with a tortured history of violating the FCA) acquired DVH in August 2016. Accordingly, Dr. Arik respectfully requests that this Honorable Court allow him to file the *proposed* SAC.

## II.

## LEGAL ARGUMENT

**1.   Dr. Arik's Motion for Leave to Amend Must be Granted**

Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Leave to amend shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2); **Jones**, 127 F.3d at 847, n. 8; **Leighton**, 833 F.2d at 185. "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—*to facilitate a decision on the merits rather than on the pleadings or technicalities*.' *Id.* at 186 (citation omitted) (emphasis added). Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.*

Indeed, the Ninth Circuit follows a "strong policy permitting amendment," **Fuller v. Vines**, 36 F.3d 65, 67 (9th Cir. 1994); and cautions that leave to amend *should only be denied in extreme cases*

*such as undue delay, bad faith, or dilatory motive on the part of the movant*. *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) (emphasis added). "Dismissal without leave to amend *is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment*." *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017) (citation omitted) (emphasis added).

In the matter before this Honorable Court, in the *proposed* SAC, Dr. Arik modifies his allegations in conformity with newly established FCA Ninth Circuit precedent decided on March 23, 2020 in *Winter*, 953 F.3d 1108. In addition, Dr. Arik seeks to add Dr. Hazelitt (a board certified physician in internal medicine and a former hospitalist at Desert View Hospital) and Melissa Milk (a former medical biller at Desert View Hospital) as relators who possess non-public information regarding profoundly serious violations of the FCA by DVH and its co-conspirators, which were not previously included in the First Amended Complaint.

In addition, since the filing of the First Amended Complaint on February 14, 2020 [ECF No. 14], Dr. Hazelitt and Ms. Milk provided non-public information, and Desert View Hospital produced documents, which reveal that Valley Health, Universal Health, Vista Health, and Dr. Mirza directly engaged in conduct and/or conspired with DVH to defraud the government in violation of the FCA. Thus, Dr. Arik seeks to name said entities and Dr. Ifran Mirza (a hospitalist at DVH) as defendants in SAC.

Finally, in the *proposed* SAC, Dr. Arik seeks to add (among other things) additional factual allegations of fraudulent conduct and numerous summaries of patients' medical records he and Dr. Hazelitt reviewed demonstrating a wide-reaching scheme by DVH and its co-defendants of defrauding the federal government at the expense of taxpayers.

A. ***The Length of the Proposed SAC is Necessary and Appropriate Under FRCP 9(b)***

In the Opposition, DVH erroneously argues that the *proposed* SAC violates FRCP 8(a)(2) and requests that "[t]he Court should force Dr. Arik to go back to the drawing board to re-plead his claims in a 'short and plain' manner…." ECF #50, pg. 6.

However, DVH knows or should know that FRCP 9(b) applies to allegations of fraud and conspiracy in FCA actions. Indeed, DVH's reliance on *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.

1996); *McGee v. California State Senate*, 2007 WL 14347 (E.D. Cal. Jan. 3, 2007); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) is misplaced because the stringent requirements of *FRCP 9(b)* were not discussed and/or analyzed by the Ninth Circuit in those cases.

In salient part, FRCP 9(b) states that "a party *must state with particularity the circumstances constituting fraud*…." FRCP (9)(b) (emphasis added). In *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010), the Ninth Circuit stated the following regarding a relator's obligation to comply with FRCP 9(b) in an FCA action:

> *In our view, use of representative examples is simply one means of meeting the pleading obligation*. We join the Fifth Circuit in concluding, in accord with general pleading requirements under Rule 9(b), that *it is sufficient to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted*.

*Id.* at 998-99 (emphasis added).

Despite DVH previously citing to FRCP 9(b) in its Motion to Dismiss (ECF #22) and in this Opposition in support of its contention that Dr. Arik's allegations in the First Amended Complaint and the *proposed* SAC are not pled with particularity, DVH laments that the SAC (which alleges conspiracy and fraud in violation of the FCA) is too long and redundant. However, the length of the SAC (437 paragraphs and 189-pages) was dictated by the vastness and the variety of medical billing fraud committed by DVH and necessitated by FRCP 9(b)'s compulsion on Dr. Arik to plead fraud and conspiracy with particularity. In doing so, Dr. Arik and Dr. Hazelitt, among other things, reviewed numerous patient charts and provided a summary of representative examples of the types of medical billing fraud committed by DVH and its co-conspirators.

Specifically, the *proposed* SAC is neatly, strategically, and intelligibly organized to comply with FRCP 9(b) in order to allow DVH and its proposed co-defendants to be able to formulate a response to the SAC. For example, the first 4 pages set forth this Court's jurisdiction and identify the parties. The next 6 pages discuss the FCA, Medicare's "medical necessity" requirement, the inapplicability of "objective falsehood" defense in the Ninth Circuit as recently held in *Winter*, InterQual, a hospital industry standard for inpatient admissions, relied upon by the relators and discussed in *Winter*, the elements of scienter and materiality as defined in *Winter*, and the "Implied

False Certification Theory" as analyzed by the United States Supreme Court in *Universal Health Services, Inc. v. United States*, 136 S.Ct. 1989 (2016). Such discussions are germane to, among other things, establishing the liability of DVH and its proposed co-conspirators under the FCA. DVH should have no trouble understanding said allegations and/or formulating a proper response.

Next, in the *proposed* SAC, Dr. Arik discusses DVH's interactions with government health insurance plans and various statutory requirements that DVH (as a Critical Access Hospital) is required to meet as a condition of payment from said government health insurance plans. Here again, DVH should have no trouble understanding said allegations and/or formulating a proper response.

Next, in the *proposed* SAC, Dr. Arik, Dr. Hazelitt, and Ms. Milk provide a summary of the non-public information, fraudulent conduct, and FCA violations alleged against DVH and its co-conspirators. (ECF # 43, *Exhibit 1*, ¶¶ 82-185). The subject allegations are precise and to the point, which should allow DVH to easily admit or deny the allegations.

Next, in the *proposed* SAC, Dr. Arik describes the Vista Health Defendants' scheme to defraud the government in conspiracy with DVH and introduces data recently provided by DVH that reveals that hospital admissions dramatically increased due to the conspiracy. (ECF # 43, *Exhibit 1*, ¶¶ 186-194). Since these allegations are tailored towards the Vista Health Defendants, DVH may choose, in its Answer, to state that such allegations are not directed towards it or simply admit, deny, or assert it lacks knowledge of the allegations.

Next, as required by FRCP 9(b) and the Ninth Circuit's holding in *Ebeid*, Dr. Arik and Hazelitt provide numerous representative examples of FCA violations committed by DVH and its co-conspirators. (ECF # 43, *Exhibit 1*, ¶¶ 195-419). In further compliance with FRCP 9(b) and *to avoid a second* FRCP 12(b)(6) Motion to Dismiss, for each representative example set forth in the *proposed* SAC, Dr. Arik and Dr. Hazelitt diligently and painstakingly (which required an enormous amount of time and effort) set forth the representative patient's diagnosis, the fraudulent conduct, the statutory violations, the applicable Medicare regulations as a condition for payment, that a false claim was knowingly submitted to a government funded insurer, and that if the government funded insurer had known that the medical care and treatment was not reasonable and medically necessary, it would not have paid the claim. *Id.* Dr. Arik does not anticipate that DVH will have any difficulty formatting an Answer to these allegations, which apply to it.

Finally, the *proposed* SAC sets forth three (3) claims for relief against DHV and its conspirators. (ECF # 43, *Exhibit 1*, ¶¶ 420-437). DVH should have no difficulty formulating a response to the three (3) claims for relief.

Indeed, since each representative patient in the *proposed* SAC is unique (different dates of service/admission, diagnosis, testing performed, statutes/regulations violated, government funded insurer, amount billed by DVH and its co-conspirators, amount recovered by DVH and its co-conspirators, and etc.), Dr. Arik and Dr. Hazelitt were compelled to separate each and every representative patient in order to establish DVH's fraudulent scheme and to allow DVH and its co-conspirators to review each medical chart and answer the SAC based on allegations specific to each representative patient. Thus, unlike the case law relied upon by DVH and contrary to DVH's assertion that the *proposed* SAC "is a jumbled Rubik's Cube of information that defies comprehension," the *proposed* SAC (189-pages and 437 paragraphs) was carefully, meticulously, and painstakingly drafted to comply with the stringent requirement of FRCP 9(b).

In the unlikely event this Honorable Court is inclined to agree with DHV that the *proposed* SAC violates the Rule 8(a), Dr. Arik respectfully requests that this Honorable Court allow him the opportunity (as DVH suggests) to "re-plead his claims" and cure any deficiencies this Honorable Court finds within the *proposed* SAC.

Therefore, since the length of the *proposed* SAC was dictated by the wide-spread of fraud committed by DVH and necessitated by FRCP 9(b)'s stringent pleading requirement, Dr. Arik respectfully requests that this Honorable grant his Motion for Leave to Amend. ***See Hearns***, 530 F.3d at 1131 (holding that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a))."

### B.   DVH's Futility Argument Lacks Merit

In its Opposition, DVH contends that granting leave to amend would be futile because the SAC "fails to state a claim for the reasons established in Desert View's pending motion to dismiss." ECF 50, pg. 6. DHV's argument lacks merit.

The FCA imposes civil liability on any person who, *inter alia*, (A) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," (B) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim,"

or (C) "conspires to commit a violation of subparagraph (A), [or] (B)[.]" 31 U.S.C. § 3729(1)(A)–(C). To defeat a Motion to Dismiss, a plaintiff must allege: "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing, (4) the government to pay out money or forfeit moneys due." *Winter*, 953 F.3d at 1114 (citation omitted). "Congress intended for the FCA to be broader than the common law: Under the FCA, "'knowingly'... require[s] no proof of specific intent to defraud.'"" *Id.*, *citing* 31 U.S.C. § 3729(1)(B). Under the common law, a subjective opinion is fraudulent if it implies the existence of facts that do not exist, or if it is not honestly held. *Id.*; Restatement (Second) of Torts § 525.

Specifically, in the *proposed* SAC, relators, among other things, clearly and unequivocally identified the false certification by alleging, among other things, (1) that the inpatient admission of heart attack, stroke, septic, and other seriously ill patients was not "reasonable and necessary" or "medically necessary in the CAH like Desert View Hospital (falsity requirement); (2) that Desert View Hospital acted with the requisite scienter by alleging that Desert View Hospital knew that the inpatient admissions were not reasonable and medically necessary, or acted in deliberate ignorance, or reckless disregard of whether the inpatient admissions were reasonable and medically necessary (scienter requirement); (3) that had the federally funded insurer known about the unreasonable and medically unnecessary inpatient admissions and of the statutory/regulatory violations committed by Desert View Hospital in admitting the subject individuals, it would not have paid on the claim (materiality requirement), and (4) that Desert View Hospital's false certification caused the federally-funded insurer to pay Desert View Hospital for services rendered to the subject patients. *See* ECF # 43; *see also* Dr. Arik's Opposition to DVH's Motion to Dismiss for a detailed discussion and analysis of Dr. Arik's compliance with FRCP 9(b) and his plausible allegations of fraud in the *proposed* SAC (ECF #42, pg. 11-25).

Hence, relators (like the relator in *Winter*) have set forth plausible allegations of fraud based on personal knowledge, careful review of medical records, review of authoritative medical literature, InterQual inpatient admissions criteria, and/or their experience working at DVH. Therefore, DVH's futility argument fails because the *proposed* SAC fully complies with the pleading requirements of FRCP 9(b) and the standard set forth in in *Winter*, 953 F.3d at 1108.

**C.  The Proposed SAC Appropriately Adds Dr. Hazelitt and Ms. Milk as Relators and New Allegations of Fraud against DVH**

In the Opposition, DVH contends that the addition of Dr. Hazelitt and Ms. Milk as relators in the *proposed* SAC violates the "first-to-file rule" and that the additions of additional fraud allegations violates the sealing requirement of the FCA.  DVH's arguments lack merit.

31 U.S.C. § 3730(b)(5) establishes a "first-to-file rule," which prevents successive plaintiffs from bringing related actions based **on the same underlying facts**." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001) (emphasis added).  The goal of the first-to-file rule is to prevent "***repetitive claims***." *Id.* (emphasis added).

As evidenced by *proposed* SAC, Dr. Hazelitt brought to light *new* non-public information regarding DVH's fraudulent "inpatient admissions" scheme in violation of Medicare regulations and InterQual admissions criteria, DVH fraudulent changes of inpatient admission time to an earlier time in order to bill government funded health insurers for an extra day, and that DVH fraudulently used the emergency department as inpatient acute care hospital beds in violation of CAH regulations. (ECF # 43, pg. 22-23, ¶137).  None of these allegations of fraud were mentioned in the First Amended Complaint.  Thus, the "first-to-file rule" is not applicable to Dr. Hazelitt.

Similarly, as evidenced by *proposed* SAC, Ms. Milk brought to light *new* non-public information regarding DVH's fraudulent alteration of billing codes and DVH's fraudulent billing for outpatient/ER patients.  (ECF # 43, pg. 24-29, ¶¶142-184).  None of these allegations of fraud were mentioned in the First Amended Complaint.  Hence, the "first-to-file rule" is also not applicable to Ms. Milk.

Finally, the *proposed* SAC does not violate the FCA's sealing requirement.  Specifically, on June 29, 2020, AUSA Roger Wenthe and Jesse Sbaih, Esq. (counsel for Dr. Arik) spoke regarding Dr. Arik filing of the SAC and whether the government wishes for the SAC to be filed under seal.  In response, AUSA Wenthe wrote the following:

> Jesse – This will confirm our telephone conversation of today. ***I informed you that once a case has become unsealed, it is not necessary for the relator to file a proposed amended complaint under seal and allow the United States to review it***. Instead, you may file the motion to amend with the court and seek leave to amend based on the standards in the Federal Rules of Civil Procedure.

*Exhibit 1* (emphasis added).

Therefore, the *proposed* SAC appropriately adds Dr. Hazelitt and Ms. Milk as relators and the new allegations of medical billing fraud against DVH.

### III.

### CONCLUSION

Based on the foregoing, Dr. Arik respectfully requests that this Honorable Court grant his Countermotion for Leave to File a Second Amended Complaint.

DATED this 17th day of August, 2020.

           JESSE SBAIH & ASSOCIATES, LTD.

           By /s/ Jesse M. Sbaih
              Jesse M. Sbaih (#7898)
              Ines Olevic-Saleh (#11431)
              The District at Green Valley
              170 South Green Valley Parkway, Suite 280
              Henderson, Nevada 89012
                *Attorneys for Relator*

# CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5(b), I certify that I am an employee of the law firm of Jesse Sbaih & Associates, Ltd., and that on this 17th day of August, 2020, I caused **RELATOR TALI ARIK'S REPLY TO DEFENDANT DVH HOSPITAL ALLIANCE, LLC'S OPPOSITION TO COUNTERMOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT IN ACCORDANCE WITH Fed.R.Civ.P. 15(a)** to be served via electronic service to the following:

John H. Cotton, Esq.
JOHN H. COTTON & ASSOCIATES, LTD.
7900 West Sahara, Suite 200
Las Vegas, NV 89117
jhcotton@jhcottonlaw.com
    *Attorneys for Defendant*

Gregory R. Jones, Esq.
McDERMOTT WILL & EMERY, LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
gjones@mwe.com
    *Attorneys for Defendant*

Roger W. Wenthe, Esq.
Lindsay Ager, Esq.
U.S. ATTORNEY'S OFFICE
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101
roger.wenthe@usdoj.gov
Lindsay.ager@usdoj.gov
    *Attorneys for the United States*

    /s/ Ines Olevic-Saleh_____
An employee of Jesse Sbaih & Associates, Ltd.