# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America, ex rel., Tali Arik, M.D.,

    Plaintiff

v.

DVH Hospital Alliance, LLC, et al.,

    Defendants

Case No.: 2:19-cv-01560-JAD-VCF

**Order Granting Defendant's Motion to Seal and Granting in Part Plaintiff's Motion to Seal**

[ECF Nos. 174, 188]

    Defendant DVH Hospital Alliance, LLC d/b/a Desert View Hospital moves to seal an exhibit to its summary-judgment motion containing protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).[1] Because this document contains private health information, I find that compelling reasons exist to seal it and grant that motion.

    Plaintiff-relator Tali Arik also moves to file several documents under seal that were marked by Desert View as confidential during discovery.[2] But he asks the court to deny this motion "unless a compelling reason is shown by [Desert View] to maintain them under seal."[3] The parties agree that a subset of exhibits at issue in Arik's motion do not need to be sealed and others need only to be redacted, and they have filed unsealed and redacted versions of those documents.[4] So I only consider the remaining exhibits: three are performance evaluations of

---

[1] ECF No. 174.

[2] ECF No. 188.

[3] *Id.* at 3.

[4] In the future, the parties are directed to meet and confer to determine which documents' disclosures are truly disputed before filing their motions with the court.

Desert View's CEO, Susan Davila, and the remaining two are records from the National Practitioner Data Bank (NPDB). I find that compelling reasons exist to seal the NPDB reports, but that the references to those reports in Arik's summary-judgment response need not be redacted because that information is also publicly available. However, Desert View has not shown compelling reasons to seal Davila's performance evaluations, so I direct the Clerk of Court to unseal those documents.

**Discussion**

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[5] "Although the common[-]law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[6] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[7] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[8]

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[9] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive

---

[5] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[6] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[9] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

motion.'"[10]  "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[11]  I find that the higher, compelling-reasons standard applies in this context because the underlying summary-judgment motion is dispositive as it addresses the merits of this action.

I have reviewed Desert View's sealed exhibit, which contains an appendix linking patient names to randomized numbers used throughout this case to identify patients without using personally identifiable information.[12]  Failing to maintain the seal on the appendix would effectively unseal the private medical information of the non-party patients referenced in this action. Keeping that information confidential is a compelling reason to seal, so I grant Desert View's motion to direct the Clerk of Court to maintain its seal.

I have also reviewed the disputed sealed exhibits attached to Arik's response in camera (exhibits 5–7, 13, and 14).[13]  I conclude that there are compelling reasons to seal exhibits 13 and 14.  Those exhibits contain reports from the NPBD, a database established by the United States

---

[10] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[11] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[12] *See* ECF No. 174.

[13] Desert View complains that Arik's motion is a veiled attempt to circumvent the parties' stipulated protective order and change the confidentiality designations that the parties agreed to. It asks me to "order Arik to follow the protective order going forward." ECF No. 193.  When it comes to sealing records filed on an otherwise publicly available docket, the parties stipulated confidentiality agreements have no import without a court determination that there is good cause or a compelling reason to maintain that confidentiality through sealing.  Arik followed the court's rules and Ninth Circuit law by seeking leave of court to file under seal documents marked confidential.

Department of Health and Human Services that HHS considers confidential.[14]  I do not, however, find compelling Desert View's request to redact any references to the NPDB reports in Arik's summary-judgment response, as the information conveyed there is publicly available and does not derive exclusively from the NPDB reports.[15]

Desert View has also failed to show that compelling reasons exist to seal Davila's performance evaluations (exhibits 5–7).  Desert View argues that their disclosure "could affect [Davila's] career depending on their contents and whether any negative statements are made therein."[16]  It further contends that Davila is not a party to this action and "has a privacy interest in [her] personnel records."[17]  Arik responds that, as Desert View's CEO, Davila "is far from a disinterested third party" and "her knowledge and actions . . . impute to" Desert View.[18]  Arik contends that the performance evaluations are relevant to his claims because they "speak directly to [Desert View's] intent, i.e., both the corporate pressure applied to Davila and Davila's motivation to undertake the alleged course of conduct."[19]

While employees may have a privacy interest in their personnel records, Desert View has not shown that such an interest outweighs the strong presumption in favor of public access to judicial records in this instance.  Desert View's suggestion that Davila's career "could" be

---

[14] ECF No. 193 at 6; 45 C.F.R. § 60.20(a) ("Information reported to the NPDB is considered confidential and [must] not be disclosed outside" HHS.).

[15] *See* ECF No. 186 at 7; ECF No. 198 at 6.

[16] ECF No. 193 at 5.

[17] *Id.* Desert View also argues that these evaluations were subject to the "highly confidential" designation under the parties' protective order, and Arik is attempting to "strip Ms. Davila's personnel records of their confidentiality." ECF No. 193 at 6.  As discussed *supra* at n.13, a parties' own confidentiality designations do not dictate the court's sealing decision.

[18] ECF No. 198 at 5.

[19] *Id.*

4

harmed "depending on the[] contents" of the performance evaluations is not sufficient to show that any such harm rises above the speculative level.  And Davila's position as the CEO who made several of the decisions that Arik claims were crucial to the alleged fraud committed by Desert View makes her personnel records much more relevant to this action than those of the third-party employees at issue in the cases Desert View cites for its "she's not a party" argument.[20]  So I order that Davila's performance evaluations (exhibits 5–7) be unsealed.

I've also reviewed the redacted exhibits (exhibits 30–33) and those documents that Desert View seeks to redact (exhibit 28, 29, and 42) and am satisfied that sealing these records isn't necessary, but redacting them is required to maintain patient confidentiality in accordance with HIPAA.  The parties agree that Desert View's proposed redactions to exhibits 28 and 42 are correct.[21]  But Arik points out that there are two unredacted phone numbers in Desert View's proposed redactions to exhibit 29.  So I order the Clerk of Court to strike that exhibit,[22] and I direct Arik to file a properly redacted version.

## Conclusion

**IT IS THEREFORE ORDERED** that DVH Hospital Alliance, LLC's motion to seal **[ECF No. 174] is GRANTED**.  The Clerk of Court is directed to **maintain the seal on ECF No. 175**.

**IT IS FURTHER ORDERED** that Tali Arik's motion for leave to file exhibits under seal **[ECF No. 188] is GRANTED in part and DENIED in part**.  **The Clerk of Court is directed to UNSEAL ECF Nos. 189-2, 189-3, and 189-4 and maintain the seal on the**

---

[20] ECF No. 193 at 5.

[21] ECF No. 194-1; ECF No. 194-3.

[22] ECF No. 194-2.

**remainder of the documents at ECF No. 189**.[23]  **The Clerk of Court is also directed to STRIKE ECF No. 194-2 from the docket**.

     **Arik must file** (1) a redacted copy of his response to Desert View's summary-judgment motion that is consistent with this order; and (2) a properly redacted version of exhibit 29 **within 10 days**.  All other documents featuring redactions will remain on the docket in their redacted forms.

                                                     _____
                                                     U.S. District Judge Jennifer A. Dorsey
                                                               May 26, 2023

---

[23] I maintain the seal on the remaining documents because the parties have filed those documents in their properly unsealed or redacted forms elsewhere on the docket.  To unseal and order the redaction of the now-superfluous documents filed at ECF No. 189 would duplicate work and unnecessarily burden the Clerk of Court.